**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**UNITED STATES OF AMERICA,**
          **Plaintiff,**

     v.                                                          Case No. 03-CR-63

**MARQUIS ROEN,**
          **Defendant.**

### ORDER

On February 23, 2005, I revoked defendant Marcus Roen's supervised release and sentenced him to 24 months in prison, with no additional supervision to follow. See United States v. Roen, 360 F. Supp. 2d 926 (E.D. Wis. 2005). He took no appeal.

Defendant now moves for reconsideration of the sentence. His counsel states that the court has the authority to reconsider the sentence under 18 U.S.C. § 3583(e). That provision governs modification and revocation of supervised release. While it allows the court to terminate supervision early, § 3583(e)(1), extend the term or modify the conditions of release, § 3583(e)(2), revoke a term of supervised release, § 3583(e)(3), and order the defendant be confined to his home, § 3583(e)(4), it does not permit the court to alter or amend a prison sentence after revocation. Defendant presents no authority for the proposition that the general rule barring a court from revisiting a prison sentence months after imposition, e.g., United States v. Zingsheim, 384 F.3d 867, 871 (7th Cir. 2004) (citing Fed. R. Crim. P. 35); Romandine v. United States, 206 F.3d 731, 735 (7th Cir. 2000), does not apply to prison sentences after revocation. Therefore, the motion must be dismissed for lack of jurisdiction. See United States v. Skufca, No. 96-1225, 1997 U.S. App. LEXIS

5829 (10th Cir. Mar. 24, 1997) (holding that district court lacked authority to modify revocation sentence after time limit in Rule 35 expired).

Even if I had jurisdiction, I would deny the motion. Defendant contends that his sentence was more severe than that imposed on others who apparently committed worse crimes and more egregious violations. However, he provides no relevant detail on those cases, such as what the guideline ranges were. Defendant's sentence was in the middle of the range, and I could have sentenced him to as much as 36 months in prison on count 5. Defendant received a 9 level downward departure at his original sentencing, and the Commission has suggested that a revocation sentence above the range may be warranted in those circumstances. U.S.S.G. § 7B1.4 cmt. n.4. Further, this was the third time defendant's federal supervised release had been revoked. Nevertheless, for the reasons stated on the record and in a written decision, I sentenced defendant at the middle of the range. Roen, 360 F. Supp. 2d at 931. Defendant was not sentenced based on disappointment or pique but a careful consideration of all of the relevant factors under 18 U.S.C. § 3553(a). Id. at 929-31.[1]

**THEREFORE, IT IS ORDERED** that the motion (Docket # 28) is **DISMISSED** for lack of jurisdiction. In the alternative, it is **DENIED.**

Dated at Milwaukee, Wisconsin, this 16th day of November, 2005.
/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

---

[1] Defendant discusses his severe mental health problems, which, he claims, the probation office failed to recognize. However, he has never alleged that he was unable to appreciate the wrongfulness of his actions, and as I noted in my decision, he was unwilling to address his treatment needs in the community. Id. at 931.